The next case is appeal number 22-3032, Holmes v. Marion County. Ms. Schmatt. Yes, thank you. Good morning, Your Honor, and may it please the Court. The Prison Litigation Reform Act instructs courts to assess strikes for exactly and only three reasons. For frivolousness, for maliciousness, or for failure to state a claim upon which relief can be granted. That list does not include actions dismissed for judicial immunity or as barred under HEC v. Humphrey. Under the plain text of Section 1915G of the Act, Mr. Holmes' suits in Posner and Emkes do not count as strikes. Dismissals for judicial immunity are not enumerated grounds under Section 1915G to assess a strike, and we know that Congress did not intend for such dismissals to count as strikes by looking to the other sections of the Act. Now, the Supreme Court in HEC held that claims of unconstitutional convictions and sentences should be treated the same as common, non-malicious prosecution actions. And, like those actions, would require as an element of the claim that the plaintiffs allege and prove the termination of the prior criminal proceedings in their favor. If that is an element of the action and the claim is dismissed for failing to allege that element, why wouldn't that be a dismissal, be one based on the failure to state a claim? Your Honor, in HEC v. Humphrey, the Supreme Court was specifically discussing favorable termination as an element of a malicious prosecution claim, not something that is necessarily required to satisfy all of the requirements of HEC in every single instance. Here, the reason that there would not be a strike is because Mr. Holmes brought a claim for injunctive relief challenging the validity of his period of confinement, which is effectively a habeas petition that was misfiled as a 1983 claim. The dismissal under HEC says nothing about the merits or his ability to succeed on the merits of the claim as a dismissal under 12v6 or another dismissal for failure to state a claim might. But what's more important here, at least with the HEC issue, is that this Court has already stated through Mejia that HEC is to be considered an issue of timing, a question about procedural prerequisites and not a question about the merits or the required elements of litigation. We've also said it's an affirmative defense. That's correct, but the fact that this Court has said that HEC can be a waivable affirmative defense only supports seeing it as something other than a required element of a claim. If HEC were, or if favorable termination in HEC were to be understood as a required element of a claim in every single situation, the Court could not then choose to hear the merits of claims that may otherwise be HEC barred as this Court has held through Polson v. Gage and Belby v. Rowell. Is it your position that no matter how we decide this case, we're going to have to distinguish or just overturn prior opinions of the Court? No, Your Honor. This Court does not have to overturn any of its existing precedent on either question. And in fact, the Court's existing precedent on both the HEC and judicial immunity strikes support holding in our favor. Mejia says that HEC is a question of timing and procedural prerequisites, which is exactly all we're asking the Court to recognize here today. But we've also said it's an affirmative defense. Isn't that, we've said HEC is not jurisdictional. We've said it's an affirmative defense, and we've also said that it's a rightness issue. Are all those three things, is it your position that those are consistent? Yes, Your Honor. Those things are consistent as far as we believe. And the way perhaps to reconcile that is that not every dismissal for an affirmative defense under the Prison Litigation Reform Act could be considered a strike. So the immunity example I think is helpful here. If you look at Section 1915A, specifically the screening provision of the Act, there Congress listed dismissals for immunity separately from dismissals for failure to state a claim for maliciousness and for frivolousness. So even at that screening stage where you're just looking at whatever is on the face of the complaint and any affirmative defenses that could be raised at that point, Congress said there are situations that would not fall within failure to state a claim. That's exactly what we're asking this Court to recognize here with the HEC issue as well. But again, Mr. Holmes' issue is slightly different. I mean, this would apply to Mr. Holmes' dismissal in MPs, but another way to consider it is to see that the dismissal was just saying that he brought a claim using the wrong vehicle. It said nothing about the merits. It said nothing about his ability to later succeed if brought using a habeas petition. Simply that this was not the right opportunity for the Court to hear that claim. So turning back to the immunity question for just a moment, the circuit balance is in favor of holding with us here. At least four other circuits, the 3rd, 8th, 9th, and D.C., all agree that when Congress includes particular language in one section of a statute but omits it in another, as it has done here with the Prison Litigation Reform Act, it's generally presumed that Congress acted intentionally in doing so. Beyond the textual argument that you're making, Counsel, can you tell us why you think it would be a good idea to reach that result about judicial immunity here on the strikes? Yes, Your Honor. So this Court has held in Paul v. Marbury that where a dismissing court has provided a reason for that dismissal, future courts should and cannot go back and reassess those reasons, look under the hood to see if perhaps judges meant something that wasn't written on the page. With the judicial immunity question, that's all we're asking this Court to recognize. So judicial immunity is not an enumerated ground under Section 1915G. Because Posner was dismissed specifically on the grounds of judicial immunity and not one of the grounds of Section 1915G, it would be improper to speculate that the judge there meant something, meant one of the enumerated grounds under Section 1915G instead of what was written. Could I ask you something that may be a little less compelling, but I'm very curious as to what Mr. Holmes' claim against the New American Dictionary was. It's one of the ones that's not being debated here. It's frivolous. Yes, Your Honor. I admittedly don't know the claims for that off the top of my head, but I'd be happy to... We can find it. Thanks. So because this Court has already held in Paul that it's improper to look back to see what a dismissing court said about a particular issue to determine what it may have meant, and because this Court and others have recognized that the interpreting of the Prison Litigation Reform Act is dependent on the plain text, it therefore reasons that a dismissal on the basis of judicial immunity cannot count as a strike under Section 1915G because Congress did not contemplate it as such. The other three listings of dismissals for immunity in the Act contrasted with the absence of it in Section 1915G instruct that judicial immunity should not be subsumed within failure to state a claim, frivolousness, maliciousness, or otherwise. You would agree that in an appropriate case, a dismissing court could say this is frivolous because it's so clearly barred by judicial immunity. Yes, Your Honor. They're the frivolousness file. Exactly. The finding would be sufficient. That's exactly right. But that's not the situation that we have here. Here we have a dismissal that was listed as being for judicial immunity without a reference to failure to state a claim or frivolousness or maliciousness. Without that other reference to an enumerated ground under Section 1915G, it would be improper to assess a strike. So for those reasons, we believe that the correct outcome here would be to reverse the assessment of the strike and allow Mr. Holmes to proceed in form of papyrus in the court below. Oh, I see that I have gone well over my time, so I would like to reserve the minute I have remaining for rebuttal. Of course, Ms. Matthews. Thank you very much. Okay, Mr. O'Rourke. Mr. Hall. Good morning. I want to begin my argument by going back to a question that you asked earlier. You asked my opponent whether the outcome that she seeks would result in the reversal of an existing president of the circuit. And she said no it would not, and I disagree. This court, in rooting the 1996 decision that I cited in my materials, specifically said this. The malicious prosecution analogy used by the court in Heck requires as an element of that type of 1983 claim that a plaintiff prove that he prevailed in a prior proceeding invalidating his conviction. Based on rooting, this court ruled that Heck was not jurisdictional, and that it was an element of the offense, or I'm sorry, an element of the claim that was being brought in that case. That is consistent with what the Supreme Court said in Heck. The Supreme Court in Heck said in three different places in its majority opinion that it was that Heck. But that would be an affirmative defense, right? I... I'm not following you on that. Okay, let me try to make this more clear. If the district judge dismissed a Heck type claim, a 1983 claim that doesn't survive Heck, under Rule 12c, instead of 12b6, so instead of a fair to state claim, it's judgment on the pleadings. Does that count as a strike? I think it would. How so? I mean, 12b6, fair to state claim, and judgment on the pleadings are different. They are different, but ultimately, the issue is the same. The question is whether or not. Right, but I agree with you, the question is the same, but it's not the same under 1915a, and maybe that's what Mejia is getting to. When it says, look, Heck is just a rightness issue, so you've got a 12c dismissal for judgment on the pleadings, is not a 12b6 dismissal for fair to state a claim. The problem is, Heck is not just a rightness issue. I know there are courts of appeal, including this one, that have made statements like that, but that's not what Heck says. And look, this area of the law is very difficult. I am the first to acknowledge that, and Heck has, in some ways, made it even more difficult. But this court, in my view, is obligated to do and to treat, to do what the Supreme Court said it should do, in terms of assessing what a Heck claim is. Again, in Heck itself, the Supreme Court said in three different points in its majority opinion that Heck is an element of the kind of claim that is being brought here. It's an element of the claim, and I think this court has to treat it that way. And if you treat it that way, then the district court's decision below was correct. It was a strike. So your position is it's necessarily a failure to state a claim. If we decide that it's an element, then the only dismissal is under 12b6 for failure to state a claim. It's not for judgment on the pleadings under 12c. That's correct. Why? Because that's what the Supreme Court said, because it's an element. The plaintiff has the obligation of stating the elements of the claim. And talking about that issue in Heck, the Supreme Court said—let me find my note here. But I guess where I'm confused is we've said repeatedly that it's an affirmative defense, that Heck is an affirmative defense. And if you dismiss based on an affirmative defense, it's judgment on the pleadings under 12c. I'm sorry, not failure to state a claim under 12b6, I think. And I don't—again. You don't think it's an affirmative defense? Because that's not what the Supreme Court says it is. So then we do have to overturn some of our existing precedent.  Okay. Yes, I think you do. It's your position, I take it, that a plaintiff must allege and prove as a required element of an unconstitutional conviction claim the termination of the prior criminal proceeding in his favor, right? Yes. Okay. If so, would every Heck dismissal without exception be considered a dismissal for failure to state a claim because a required element was not adequately alleged? According to the Supreme Court's decision in Heck, yes. And that's how this Court should treat it. Now, ultimately, at the end of the day, is it possible the Supreme Court could look at that differently and treat different types of Heck dismissals differently? Maybe. But that's not the law as it stands right now. As it stands right now, the Supreme Court said, Heck, these types of claims require as an element a favorable termination. That was not presented by the plaintiff in this case in his complaint. Therefore, it's a failure to state a claim. In other words, if there's continuing uncertainty in this area, it is the Supreme Court that has got to fix it. Mr. Overholt, first of all, I'd like to express appreciation for Marion County and you all for appearing as amicus under the circumstances and the helpful briefing from both sides. We asked counsel to step in to help us out in this thorny area, and I find it hard to figure out how we can decide this without overruling Mejia, although it's not presidential, or rooting, and maybe some other things as well. About the Heck problem, if I understand, it's a dismissal without prejudice, and the same claim can be brought again later, right? That's correct. So, somebody in Mr. Holmes' position, who already has two uncontested strikes, if he incurs a third strike with the Heck dismissal, it means he can't bring that potentially valid Heck claim again, at least under the informa pauperis statute, right? If and when he gets his conviction cleared. Well, I disagree with that in part. Okay, go ahead. He could bring a claim under the habeas statute.  He has to do that before he can bring this civil claim, right? That's right. Let's suppose he does that. Well, again, to answer your question, yes. He could not bring it. That's the way I see that logic. I think that's right. And I think that gets to the question of, is that what Congress intended under the Prisoner Litigation Reform Act? And I think that's right. That was the intent. Unless you file too early. That's right. If you file too early, it's a strike. And it would further the purpose of what Congress intended by reducing the amount of prisoner litigation in this court. Could you compare the Heck dismissal to the way we handle dismissals for failure to exhaust administrative remedies? Well, there is a bit, perhaps, of inconsistency between those two things. But again, I think Heck is something that stands separate and apart because of how the Supreme Court. Standing on the text of the Heck appeal. That's right. Heck is sort of a standalone sort of thing. Okay. That's really all I have, unless the court has additional questions for me. Okay. Thank you, Mr. Earl. Thanks very much. Thank you. Thank you, Ms. Smith. I'll be quick, Your Honor. So, Pozen and Bell could not be clearer. Pozen Council wants to relitigate these cases and even concedes that holding in the county's favor would require this court to overturn those cases at this time. Judge Kirsch is correct because this court has held on multiple defendants and as such is a dismissal under Rule 12C, not a dismissal under 12B6 and therefore not a strike. I'm happy to answer any further questions the court has at this time. Okay. Thank you, Ms. Smith. Thank you very much. Thank you to both counsel and Mr. Overholt. Let me echo Judge Hamilton's comments. Thank you to you and your firm for taking this on as amicus for the court. And the case will be taken under advisement.